Johnson, J.
The choses in action of the wife which-are reduced into possession by the husband during the coverture, belong to him. About this there is no dispute; difficulties do, however, sometimes arise as to what does or does not constitute a reduction into possession. Here the husband, the complainant, had during the coverture the actual possession of the fund, and in such cases the question whether it does not vest in him jure mariti, depends on the circumstance whether he received it in his character as husband, or in the representative character as trustee or executor. In the first case it vests in the husband, in the latter case it does not. The cases of Marsh and wife v. Ardis and others, decided at December Term, 1831, and Spann v. Jennings, decided at May Term, 1833, are examples falling within the first class of cases. In both, the husband, without administration, possessed himself of personal property which descended to the wife during coverture, and it was held to vest in the husband, because the wife was sole heiress of the estate, which was unincumbered and free from debt. The case of Baker v. Hall, 12 Ves. 497, is *an example of cases falling within the latter class. There, a trustee and executor married one of the residuary legatees named in the will, and distribution of the residuary estate not having been made, it was held that the marital rights did not attach — so where East India stock belonging to the wife had been transferred to the husband and another as trustees, it was held that it survived to the wife.
The complainant with respect to this fund was not clothed with any representative character. He received it from the administrator in the *270 character of husband. There was nothing else which entitled him to it, and it must be set doivn to that account. The circumstance that it was comingled with the money due to his wards does noj; vary the question, that only made him their debtor to that amount.
The motion to reverse the decree of the Circuit Court is therefore dismissed, and it is ordered and decreed that the same be and it is hereby affirmed, (a)
O’Neall, J., concurred.

 The judgment of the Court in this case, is predicted on the supposition that the whole estate of Howell Wallace had been administered by Hugh Wallace, the first administrator, and went into the hands of Jamison, his administrator — that no part of the estate was actually received by the plaintiff or his wife, in right of their administration; and consequently that all of this estate received by them was in the characters of distributee and guardian. — The report of the Commissioner on this point is rather uncertain, for it states that the widow, before her marriage, received a part of the estate, and after that the plaintiff, “with his wife, in some instances, and in others alone, received of the said John Jamison, the residue;” and that “during the coverture, all the funds of the estate of the said Howell Wallace, were in the hands of the said David Boozer, as administrator in right of his wife.” It is presumed, however, that the fact was, as supposed by the Court, or otherwise a different decision must have been made, as regards any part of the estate received by Mrs. Boozer, or her husband in her right as administratrix de bonis non; for on that part, according to the doctrine of Spann v. Stewart, ante, 332, the marital rights would not have attached. R.